UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse   40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

MOTION INFORMATION STATEMENT

**Docket Number(s):** 22-3068

**Caption [use short title]**

**Motion for:** stay of proceeding pending appeal

Set forth below precise, complete statement of relief sought:

Hold case until after the U.S. Supreme Court rules on the pending Petition for Writ of Certiorari Before Judgment.

Gazzola, et al. v. Hochul, et al.

**MOVING PARTY:** Plaintiffs
**OPPOSING PARTY:** Defendants

☐ Plaintiff  ☐ Defendant
✔ Appellant/Petitioner  ☐ Appellee/Respondent

**MOVING ATTORNEY:** Paloma A. Capanna
**OPPOSING ATTORNEY:** Beezly Kiernan

[name of attorney, with firm, address, phone number and e-mail]

106-B Professional Park Drive
Beaufort, North Carolina 28516
315-584-2929

NYS Attorney General's Office
The Capitol, Albany, New York 12224-0341
518-776-2023

**Court- Judge/ Agency appealed from:** Brenda K. Sannes, NDNY

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
✔ Yes  ☐ No (explain):_____

Opposing counsel's position on motion:
☐ Unopposed  ☐ Opposed  ✔ Don't Know

Does opposing counsel intend to file a response:
☐ Yes  ☐ No  ✔ Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**
Has this request for relief been made below?  ☐ Yes  ☐ No
Has this relief been previously sought in this court?  ☐ Yes  ☐ No
Requested return date and explanation of emergency:

Is oral argument on motion requested?  ☐ Yes  ✔ No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?  ✔ Yes  ☐ No  If yes, enter date: March 20, 2023

**Signature of Moving Attorney:**

/s Paloma A. Capanna  **Date:** January 19, 2023  **Service by:** ✔ CM/ECF  ☐ Other [Attach proof of service]

Form T-1080 (rev.12-13)

# 22-3068-cv

# United States Court of Appeals
*for the*
## Second Circuit

NADINE GAZZOLA, individually, and as coowner, President, and as BATFE Federal Firearms Licensee Responsible Person for Zero Tolerance Manufacturing, Inc., SETH GAZZOLA, individually, and as coowner, Vice President, and as BATFE FFL Responsible Person for Zero Tolerance Manufacturing, Inc., JOHN A. HANUSIK, individually, and as owner and as BATFE FFL Responsible Person for d/b/a AGA Sales, JIM INGERICK, individually, and as owner and as BATFE FFL Resonsible Person for Ingerick's LLC, d/b/a Avon Gun & Hunting Supply, CHRISTOPHER MARTELLO, individually, and as owner and as BATFE FFL Responsible Person for Performance Paintball, Inc. d/b/a Ikkin Arms, MICHAEL MASTROGIOVANNI, individually, and as owner as as BATFE FFL Responsible Person for Spur Shooters Supply, ROBERT OWENS, individually, and as owner and as BATFE FFL Responsible Person for Thousand Islands Armory, CRAIG SERAFINI, individually, and as owner and as BATFE FFL Responsible Person for Upstate Guns and Ammo, LLC, NICK AFFRONTI, individually, and as BATFE FFL Responsible Person for East Side Traders LLC, EMPIRE STATE ARMS COLLECTORS ASSOCIATION, INC.,

*Plaintiffs-Appellants,*

– v. –

KATHLEEN HOCHUL, in her Official Capacity as Governor of the State of New York, STEVEN A. NIGRELLI, in his Official Capacity as the Acting Superintendent of the New York State Police, ROSSANA ROSADO, in her Official Capacity as the Commissioner of the Department of Criminal Justice Services of the New York State Police, LETICIA JAMES, in her Official Capacity as the Attorney General of the State of New York,

*Defendants-Appellees.*

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

**MOTION**

PALOMA A. CAPANNA
*Attorney for Plaintiffs-Appellants*
106-B Professional Park Drive
Beaufort, North Carolina 25816
(315) 584-2929

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

───────────────────────────────────────────

**Nadine Gazzola**, individually, and as co-owner, President, and as BATFE Federal Firearms Licensee Responsible Person for **Zero Tolerance Manufacturing, Inc.**; *et al.*

    **Plaintiffs-Appellants**

  *v.*

**KATHLEEN HOCHUL**, in her Official Capacity as Governor of the State of New York; *et al.*

    **Defendants-Appellees**

Docket No. 22-3068

───────────────────────────────────────────

**ATTORNEY DECLARATION**

I, Paloma A. Capanna, hereby declare under penalty of perjury, that the following information is true to the best of my knowledge:

1. I am over 18 years old. I am competent to give this declaration.

2. I submit this motion concerning the Order of this court of January 13, 2023 [CMECF 46] which placed this case of *Gazzola v. Hochul* in tandem with three other cases and with an oral argument date of March 20, 2023. It relates thus also to an Order of this Court of January 13, 2023 directing our reply brief be filed on or before March 10, 2023 [CMECF 48] and a prior Order of this Court of December 21, 2022 directing the Clerk set an expedited briefing schedule. This also relates to docket entry CMECF 37 setting our brief as due Wednesday, January 25, 2023 and the State's responsive brief as due March 1, 2023.

Attorney Declaration - 1

3. Yesterday, I submitted a letter concerning the scheduling and the "in tandem" of this case, and was requested by our Case Manager to submit a formal motion.

4. After this Court denied our request for preliminary injunctive relief on December 21, 2022, we elected to file an emergency motion with a petition for certiorari before judgment under Sup. Ct. R. 11 to the U.S. Supreme Court. The SCOTUS Application (Dkt. 22A591) included also a request for an administrative stay of proceedings in the lower courts, at least pending review and decision whether the U.S. Supreme Court would accept cert and move to full briefing.

    a. Sup. Ct. Rule 11 allows the filing of a Petition for Writ of Certiorari Before Judgment in cases of "imperative public importance," requiring an "immediate determination in this Court."

    b. On January 9, 2023, the Clerk of the U.S. Supreme Court notified this Court of the filing of the Petition. [CMECF 42]

5. Yesterday afternoon, after submission of the letter to this Court, I received notification that the U.S. Supreme Court denied our motion.

6. Unlike the January 11, 2023 order of the U.S. Supreme Court denying the motion in *Antonyuk II v. Nigrelli* (Exhibit A), yesterday's order in our case did not direct us to the Second Circuit (Exhibit B).

    a. The order does not affect our pending U.S. Supreme Court Petition. Any response by the State to the Petition is due February 8, 2023.

7. Particularly because the questions presented in the Petition would impact how this case is evaluated for a stay using the standard in *Winter* and because it may result in preliminary

Attorney Declaration - 2

injunctive relief, the proceedings in this Second Circuit should be stayed pending the U.S. Supreme Court consideration of the Petition.

8. Further, we are a case distinct of the other six cases with primary focus upon NY S.51001, the "Concealed Carry Improvements Act." Three are stayed by independent orders of the District Court Judges. *Antonyuk II, Hardaway,* and *Christian* are subject to the "in tandem" order of this Court.

9. As our motion to the Second Circuit laid out and demonstrated through its Complaint, Declarations, and Exhibits, *Gazzola v. Hochul* is a case primarily about new laws targeting dealers of firearms and ammunition. The case is a novel presentation of the words "to keep" from the Second Amendment. It is a watershed argument that, the firearm, being the only object listed in the Bill of Rights and the only object necessary to execution of a fundamental right, the dealer in firearms should be protected in like manner to the individual. The case then supports analysis under theories of federal preemption, the Fifth Amendment, and the Second/Fourteenth Amendment. Where it draws from the Second/Fourteenth Amendment it first presents a novel standard, that of "constitutional regulatory overburden," to analyze a law(s) directed by a government to target dealers in firearms with the intent or effect of putting dealers out of business.

10. The *Gazzola v. Hochul* case challenges 31 laws or portions of laws enacted through four bills, namely, NY S.4970-A, NY S.9407-B, NY S.9458, and NY S.51001.

11. I have been following dockets and reviewing submissions in all six CCIA cases. I also reviewed the Joint Appendix submitted to this Court in *Antonyuk II*.

Attorney Declaration - 3

12. The record of our case is clean. The State submitted no party or witness affidavits in our case. It submitted only four historic statutes, all of which we argue support our case.

13. Now, it is true that a portion of *Gazzola v. Hochul* involves the concealed carry permit training, the semi-automatic rifle license, and the ammunition background check. If the other cases achieve a successful stay against any of these subgroups of laws from NY S.51001, then we will evaluate and confer with the State's attorneys to identify any opportunity to waive those arguments in our case.

14. I will point out that we distinguish our angle of approach to these three topics from the other cases. In *Gazzola v. Hochul*, we argue (1.) unconstitutional under *NYSRPA v. Bruen*; but if that argument fails, we move on to additional arguments not found in the other cases (2.) defendants' failure to perform their required agency duties under the statutes has rendered them incapable of execution and turn the provisions into a novel scheme to ban protected activity while evading judicial review; and, (3.) causing financial damages to plaintiffs by choking off business in handguns, semi-automatic rifles, ammunition, and ancillary products.

15. Just taking one example, that of the concealed carry training. In the other cases, already the argument is made that the training, itself, and/or an aspect or feature of the training is unconstitutional under *NYSRPA v. Bruen*. We identify this argument, but then progress the argument to assuming, arguendo, there is to be training, the State failed to provide the standardized curriculum assigned by statute for them to produce, nor did they supply the written test, nor the certification sheet. Thus, no concealed carry permit can issue, nor can

Attorney Declaration - 4

any renewal transpire. NYSP has, effectively, shut down the concealed carry permitting process statewide through a novel scheme designed to evade judicial review.

16. I set out this one point of our case to illustrate the distinction of our tack. The plaintiffs in *Gazzola v. Hochul* are licensed firearms industry dealers, plus business owners, plus concealed carry permit holders, plus firearms training instructors, plus individuals. It gives these plaintiffs more of a *we all get Bruen and it should, absolutely, be applied, but don't miss also the way it's going down in reality because it's an effective ban*. A bit grittier because my clients have the credentials and the eyewitness experience to testify how it's being executed (or not) at the gun store, by county government, by county law enforcement, and by individuals in the community.

17. Finally, *Gazzola v. Hochul* is a heavy lift. I'm fighting the clock to keep my clients open for business and to stave off their arrests. The laws we complain of impact the entire industry here in New York, which equates to 1,781 dealers in firearms plus 9 pawn shops, as counted by ATF-issued federal firearms licenses. It has national repercussions to every other FFL across the U.S., the Virgin Islands, and Puerto Rico, doing business with a NY-licensed FFL. The penalties for every one of these new NY General Business Law §875 and associated mandates are criminal, not regulatory. Everything went into effect December 5, 2022, and I have clients in a fixed business location with plain view unfulfilled mandates. We are working hard to find a court that will give my clients a stay so that they have the breathing room to pursue their grievances in an orderly and proper way through judicial review to the merits without having to worry that every time the shop door opens it will be a law enforcement officer there to arrest them.

Attorney Declaration - 5

18. Our request is thus practical: shift the schedule for *Gazzola v. Hochul* to a date contingent upon the ruling of the U.S. Supreme Court whether they will or will not grant *cert* in their Case No. 22-622. If this Court prefers to go forward with an expedited schedule plus oral arguments on March 20, 2023, I request (a.) the due date for my brief be extended from Wednesday, January 25, 2023 to Monday, January 30, 2023; and, (b.) a ruling from the Court on my outstanding Motion to Reconsider of December 22, 2023 to formally include my draft Reply as part of the record of this case and available to be cited in the brief.

19. I have discussed this matter with Mr. Kiernan, Counsel for the State, and he requested I indicate the State does not have a position on this motion to hold the appeal in abeyance pending the Supreme Court's ruling on the Petition.

*Respectfully submitted this 19th day of January 2023*

                                                Attorney for the Plaintiffs-Appellants

                                                *Paloma A. Capanna*

                                                Paloma A. Capanna, Attorney
                                                106-B Professional Park Drive
                                                Beaufort, North Carolina 28516
                                                (315) 584-2929 mobile
                                                (585) 377-7260
                                                pcapanna@yahoo.com

# EXHIBIT A

Cite as: 598 U. S. \_\_\_\_ (2023) 1

Statement of ALITO, J.

# SUPREME COURT OF THE UNITED STATES
_____

No. 22A557
_____

IVAN ANTONYUK, ET AL. *v.* STEVEN NIGRELLI, IN HIS OFFICIAL CAPACITY AS ACTING SUPERINTENDENT OF NEW YORK STATE POLICE, ET AL.

ON APPLICATION TO VACATE STAY

[January 11, 2023]

The application to vacate stay presented to JUSTICE SOTOMAYOR and by her referred to the Court is denied.

Statement of JUSTICE ALITO, with whom JUSTICE THOMAS joins, respecting the denial of the application to vacate stay.

The New York law at issue in this application presents novel and serious questions under both the First and the Second Amendments. The District Court found, in a thorough opinion, that the applicants were likely to succeed on a number of their claims, and it issued a preliminary injunction as to twelve provisions of the challenged law. With one exception, the Second Circuit issued a stay of the injunction in full, and in doing so did not provide any explanation for its ruling. App. to Emergency Application 2. In parallel cases presenting related issues, the Second Circuit has likewise issued unreasoned summary stay orders, but in those cases it has ordered expedited briefing. See, *e.g.,* Order in *Hardaway* v. *Nigrelli*, No. 22–2933 (CA2, Dec. 7, 2022), ECF Doc. 53; Order in *Christian* v. *Nigrelli*, No. 22–2987 (CA2, Dec. 12, 2022), ECF Doc. 40.

I understand the Court's denial today to reflect respect for the Second Circuit's procedures in managing its own docket, rather than expressing any view on the merits of

the case. Applicants should not be deterred by today's order from again seeking relief if the Second Circuit does not, within a reasonable time, provide an explanation for its stay order or expedite consideration of the appeal.

# EXHIBIT B

(ORDER LIST: 598 U.S.)

WEDNESDAY, JANUARY 18, 2023

ORDER IN PENDING CASE

22A591     GAZZOLA, NADINE, ET AL. V. HOCHUL, GOV. OF NY, ET AL.

         The application for writ of injunction presented to Justice Sotomayor and by her referred to the Court is denied.