# 22-3068

## United States Court of Appeals for the Second Circuit

NADINE GAZZOLA, individually, and as co-owner, President, and as BATFE Federal Firearms Licensee Responsible Person for Zero Tolerance Manufacturing, Inc., *et al.*,

*Plaintiffs-Appellants*,

v.

KATHLEEN HOCHUL, in her Official Capacity as Governor of the State of New York, STEVEN A. NIGRELLI, in his Official Capacity as the Acting Superintendent of the New York State Police, ROSSANA ROSADO, in her Official Capacity as the Commissioner of the Department of Criminal Justice Services of the New York State Police, LETICIA JAMES, in her Official Capacity as the Attorney General of the State of New York,

*Defendants-Appellees*.

[additional parties listed on following page]

On Appeal from the United States District Court for the Northern District of New York

**OPPOSITION TO EMERGENCY MOTION**

BARBARA D. UNDERWOOD
  *Solicitor General*
JEFFREY W. LANG
  *Deputy Solicitor General*
BEEZLY J. KIERNAN
  *Assistant Solicitor General*
    *of Counsel*

LETITIA JAMES
  *Attorney General of the State of New York*
Attorney for Defendants
The Capitol
Albany, New York 12224
(518) 776-2023

Dated: September 8, 2023

SETH GAZZOLA, individually, and as co-owner, Vice President, and as BATFE FFL Responsible Person for Zero Tolerance Manufacturing, Inc., JOHN A. HANUSIK, individually, and as owner and as BATFE FFL Responsible Person for d/b/a AGA Sales, JIM INGERICK, individually, and as owner and as BATFE FFL Responsible Person for Ingerick's LLC, d/b/a Avon Gun & Hunting Supply, CHRISTOPHER MARTELLO, individually, and as owner and as BATFE FFL Responsible Person for Performance Paintball, Inc. d/b/a Ikkin Arms, MICHAEL MASTROGIOVANNI, individually, and as owner and BATFE FFL Responsible Person for Spur Shooters Supply, ROBERT OWENS, individually, and as owner and as BATFE FFL Responsible Person for Thousand Islands Armory, CRAIG SERAFINI, individually, and as owner and as BATFE FFL Responsible Person for Upstate Guns and Ammo, LLC, NICK AFFRONTI, individually, and as BATFE FFL Responsible Person for East Side Traders LLC, EMPIRE STATE ARMS COLLECTORS ASSOCIATION, INC.,

*Plaintiffs-Appellants.*

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................ ii

PRELIMINARY STATEMENT ......................................................................... 1

BACKGROUND ................................................................................................ 2

ARGUMENT ...................................................................................................... 5

POINT I

    THE MOTION SHOULD BE DENIED FOR FAILURE TO COMPLY WITH
    FEDERAL RULE OF APPELLATE PROCEDURE 8(A) ..................................... 5

POINT II

    PLAINTIFFS ARE NOT ENTITLED TO AN INJUNCTION PENDING
    APPEAL ......................................................................................................... 5

CONCLUSION ................................................................................................... 9

CERTIFICATE OF COMPLIANCE

## TABLE OF AUTHORITIES

**Cases**                                                                   **Page(s)**

*Agudath Israel of Am. v. Cuomo*,
　979 F.3d 177 (2d Cir. 2020) ................................................................. 5

*All. of Am. Insurers v. Cuomo*,
　854 F.2d 591 (2d Cir. 1988) ................................................................. 6

*Grand River Enter. Six Nations, Ltd. v. Pryor*,
　481 F.3d 60 (2d Cir. 2007) ................................................................... 8

*Hirschfeld v. Bd. of Elections in City of N.Y.*,
　984 F.2d 35 (2d Cir. 1993) ................................................................... 5

*In re Dairy Mart Convenience Stores, Inc.*,
　411 F.3d 367 (2d Cir. 2005) ................................................................. 6

*New York v. U.S. Dep't of Homeland Sec.*,
　974 F.3d 210 (2d Cir. 2020) ................................................................. 6

*Nken v. Holder*,
　556 U.S. 418 (2009) ............................................................................. 6

*Respect Maine PAC v. McKee*,
　562 U.S. 996 (2010) ............................................................................. 5

*Vega v. Semple*,
　963 F.3d 259 (2d Cir. 2020) ................................................................. 6

**Federal Statutes**

18 U.S.C.
　§ 921(a)(3) ............................................................................................ 7
　§ 922(t) ........................................................................................... 3, 7-8

**State Statutes**                                                                 **Page(s)**

Executive Law
    § 228 ............................................................................................................. 2
    § 228(1)(a) ................................................................................................. 7
    § 228(7) .................................................................................................... 3-4

General Business Law
    § 875-g(2) ................................................................................................ 3-4

Penal Law
    § 265.00(3) .................................................................................................. 7
    § 400.02(2) .................................................................................................. 3

**Federal Regulations**

27 C.F.R.
    § 478.102 ..................................................................................................... 7

28 C.F.R.
    § 25.2 .......................................................................................................... 3
    § 25.6 .......................................................................................................... 3

**Rules**

Federal Rule of Appellate Procedure 8(a) ........................................... 1, 4-5

**Miscellaneous Authorities**

Fed. Bureau of Investigation, *NICS Participation Map* ......................... 3

## PRELIMINARY STATEMENT

Plaintiffs, who are retail sellers of firearms, challenge a series of public safety measures regulating the sale of firearms in New York State. Plaintiffs seek to halt the implementation and enforcement of these measures by the New York State Police. The United States District Court for the Northern District of New York (Sannes, C.J.) denied plaintiffs' motion for a preliminary injunction. Plaintiffs appealed that denial and moved for an injunction pending appeal, which this Court denied. The Court heard argument in this case on March 20, 2023, and decision is pending. Plaintiffs now make a second motion for an injunction pending appeal, seeking to freeze the State Police's implementation of firearm and ammunition background checks and inspections by the State Police of firearm retail stores. The requested relief is part of the more sweeping relief at issue in plaintiffs' pending appeal, though plaintiffs now advance new arguments in support.

The Court should deny this motion too. Preliminarily, plaintiffs did not seek injunctive relief pending appeal in the district court, as required by Federal Rule of Appellate Procedure 8(a). Nor have plaintiffs satisfied any of the prerequisites for the extraordinary remedy of an injunction

pending appeal. First, plaintiffs are not likely to succeed on the merits of their claim that the State Police will exceed its authority under state law by conducting background checks for transfers of shotguns and rifles. That state law challenge is not cognizable in federal court, and in any event misconstrues the applicable state law provision. Plaintiffs also fail to explain why ammunition background checks and inspections of firearm dealers violate federal law. Second, plaintiffs have not shown irreparable harm absent an injunction. And third, the public interest weighs in favor of the State Police's continued implementation and enforcement of these vitally important public safety measures.

## BACKGROUND

Plaintiffs commenced this lawsuit in November 2022 against the Governor, Superintendent of the State Police, Commissioner of the Division of Criminal Justice Services, and Attorney General of the State of New York. Plaintiffs challenge a series of firearm safety laws enacted by the State Legislature. As relevant here, plaintiffs challenge a provision of the Concealed Carry Improvement Act (CCIA) authorizing the State Police to serve as a "point of contact" for federal firearm background checks. *See* Executive Law § 228. A state point of contact

2

serves as an intermediary between firearm dealers and the National Instant Criminal Background Check System (NICS), and facilitates the firearm background checks required by federal law.[1] *See* 18 U.S.C. § 922(t); 28 C.F.R. §§ 25.2, 25.6. Plaintiffs also challenge a separate provision of the CCIA requiring background checks for ammunition sales. *See* Penal Law § 400.02(2). Under Executive Law § 228(7), these background check procedures are set to come into effect within 60 days of the statute's July 15, 2023 effective date, *i.e.*, on September 13, 2023. Finally, plaintiffs challenge General Business Law § 875-g(2), which directs the State Police to conduct periodic onsite inspections of firearm dealers.

Plaintiffs moved for a temporary restraining order and a preliminary injunction to enjoin implementation and enforcement of these and other gun safety measures. The district court (Sannes, C.J.) denied this motion. Plaintiffs appealed, and also moved for an injunction pending appeal in this Court. *See* Emergency Mot., Dkt. 12 (Dec. 6, 2022). The Court denied that motion on December 21, 2022. The Court explained

---

[1] Thirteen other states serve as full points of contact for federal firearm background checks, and five states serve as partial points of contact (facilitating background checks only for certain kinds of firearms). *See* Fed. Bureau of Investigation, *NICS Participation Map*.

that plaintiffs had failed to seek an injunction pending appeal in the district court first, as required by Federal Rule of Appellate Procedure 8(a). The Court further explained that injunctive relief pending appeal "would not be warranted" in any event. Order, Dkt. 29 (Dec. 21, 2022). The United States Supreme Court likewise denied plaintiffs' application for a writ of injunction, *see* Order in Pending Case, *Gazzola v. Hochul*, No. 22A591 (Jan. 18, 2023), and later denied plaintiffs' petition for certiorari before judgment, *see Gazzola v. Hochul*, No. 22-622 (Apr. 24, 2023).

On March 20, 2023, after expedited briefing, this Court heard argument in this case and four others challenging additional provisions of the CCIA. The appeal remains pending.

Plaintiffs now move, again, for an injunction pending appeal. Plaintiffs seek to enjoin the State Police's implementation of firearm and ammunition background checks, which are scheduled to begin on September 13, 2023. *See* Executive Law § 228(7). Plaintiffs also seek to restrain the State Police from conducting on-site inspections of firearm dealers under General Business Law § 875-g(2).

4

# ARGUMENT

## POINT I

### THE MOTION SHOULD BE DENIED FOR FAILURE TO COMPLY WITH FEDERAL RULE OF APPELLATE PROCEDURE 8(A)

Before moving for injunctive relief pending appeal in this Court, plaintiffs were required to seek such relief in the district court. *See* Fed. R. App. P. 8(a). Plaintiffs failed to do so, just as they failed to seek relief in the district court before filing their first motion for an injunction pending appeal. The Court denied plaintiffs' first motion for failure to comply with Rule 8(a), and the Court should do the same here. *See Agudath Israel of Am. v. Cuomo*, 979 F.3d 177, 180 (2d Cir. 2020); *Hirschfeld v. Bd. of Elections in City of N.Y.*, 984 F.2d 35, 38 (2d Cir. 1993).

## POINT II

### PLAINTIFFS ARE NOT ENTITLED TO AN INJUNCTION PENDING APPEAL

In any event, plaintiffs have not shown that they are entitled to the extraordinary remedy of an injunction pending appeal. To obtain this relief, a movant must make a strong showing of likelihood of success on the merits and demonstrate that irreparable harm is likely absent an injunction. *See Agudath Israel*, 979 F.3d at 180; *see also Respect Maine*

5

*PAC v. McKee*, 562 U.S. 996, 996 (2010); *New York v. U.S. Dep't of Homeland Sec.*, 974 F.3d 210, 214 (2d Cir. 2020). The movant must also demonstrate that an injunction is in the public interest. *See Nken v. Holder*, 556 U.S. 418, 435 (2009). Plaintiffs cannot meet this standard.

*First*, plaintiffs have not shown a likelihood of success on the merits. Plaintiffs principally claim that State Police background checks will violate state law. This claim, raised for the first time in this emergency motion, is not cognizable in federal court. The Eleventh Amendment bars claims in federal court against state officials acting in their official capacities, except for "actions seeking only prospective injunctive relief against state officials to prevent a continuing violation of federal law." *In re Dairy Mart Convenience Stores, Inc.*, 411 F.3d 367, 371 (2d Cir. 2005). "Federal court adjudication of a claim challenging a state official's conduct under state law," therefore, is "not permissible." *All. of Am. Insurers v. Cuomo*, 854 F.2d 591, 604 (2d Cir. 1988) (citing *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 106 (1984)); *see also Vega v. Semple*, 963 F.3d 259, 284 (2d Cir. 2020). Thus, insofar as plaintiffs claim that the State Police will exceed its authority *under state*

6

*law* by conducting background checks for transfers of shotguns and rifles, they cannot obtain the injunctive relief they seek in federal court.

Plaintiffs' state law claim challenging firearm background checks also fails on the merits. State law authorizes the State Police "to serve as a state point of contact for implementation" of "the national instant criminal background check system for the purchase of firearms." Executive Law § 228(1)(a). This provision incorporates by reference the *federal* definition of firearms—which includes handguns, shotguns, and rifles, *see* 18 U.S.C. § 921(a)(3)—rather than the narrower New York Penal Law definition, *see* Penal Law § 265.00(3). Indeed, federal law requires background checks for all "firearms" as defined by federal law. *See* 18 U.S.C. § 922(t); 27 C.F.R. § 478.102. If the Legislature had intended for the State Police to serve as a point of contact *only* for handgun purchases, as plaintiffs contend, the Legislature would have made that limitation explicit. Thus, plaintiffs fail to show that State Police background checks for the purchase of shotguns and rifles will violate state law.

Plaintiffs' remaining claims, challenging ammunition background checks and inspections of dealer premises, likewise lack merit. Plaintiffs make no argument explaining why either of these activities violates

7

federal law. Plaintiffs therefore have failed to make the strong showing of likelihood of success on the merits required to grant injunctive relief pending appeal.

*Second*, plaintiffs' motion should be denied for the additional reason that they fail to show irreparable harm absent an injunction. Plaintiffs fail to explain what harm they will suffer from the State Police serving as point of contact for federal background checks. Plaintiffs already participate in firearm background checks, which again are required by federal law. *See* 18 U.S.C. § 922(t). Plaintiffs also fail to explain what harm they will suffer because of ammunition background checks. And while one plaintiff (Craig Serafini) states that he fears imminent arrest after a recent State Police inspection, nothing in the record suggests that Serafini, or any other plaintiff, is under any actual or imminent threat of prosecution. *See Grand River Enter. Six Nations, Ltd. v. Pryor*, 481 F.3d 60, 66 (2d Cir. 2007) (per curiam).

*Third*, the public interest weighs against granting the injunctive relief plaintiffs seek. An injunction at this point would be severely disruptive. It would halt the State Police's implementation of new background check procedures. And it would cause chaos for firearm dealers who have

8

been preparing to comply with those procedures. Additionally, an injunction would put the public at risk. It would delay the inspections designed to ensure that firearm retailers are properly storing and monitoring their inventories. Thus, the Court should deny plaintiffs' motion for an injunction pending appeal and allow the State's rollout of these firearm safety measures to continue.

## CONCLUSION

This Court should deny plaintiffs' motion for an injunction pending appeal.

Dated: Albany, New York
September 8, 2023

Respectfully submitted,

LETITIA JAMES
  *Attorney General*
  *State of New York*
Attorney for Defendants

By:   */s/ Beezly J. Kiernan*
BEEZLY J. KIERNAN
Assistant Solicitor General

BARBARA D. UNDERWOOD
  *Solicitor General*
JEFFREY W. LANG
  *Deputy Solicitor General*
BEEZLY J. KIERNAN
  *Assistant Solicitor General*
    *of Counsel*

The Capitol
Albany, New York 12224
(518) 776-2023

# CERTIFICATE OF COMPLIANCE

Pursuant to Rule 32(a) of the Federal Rules of Appellate Procedure, Beezly J. Kiernan, an employee in the Office of the Attorney General of the State of New York, hereby certifies that according to the word count feature of the word processing program used to prepare this brief, the brief contains 1,653 words and complies with the typeface requirements and length limits of Rule 32(a)(5)-(7) and Local Rule 32.1.

/s/ *Beezly J. Kiernan*