# Paloma A. Capanna
## Attorney & Policy Analyst

| | |
|---|---|
| 106-B Professional Park Drive | P. O. Box 495 |
| Beaufort, North Carolina 28516 | Keene Valley, New York 12943 |
| (315) 584-2929 mobile | |

*Admitted to practice in NY, N.D.N.Y., W.D.N.Y.,
 2d & 4th Cir., U.S. Supreme Court*

---

September 8, 2023

Hon. Eunice C. Lee
Hon. Dennis Jacobs
Hon. Gerard E. Lynch
United States Court of Appeals
Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square                                                   *via CM/ECF*
New York, New York 10007

    Re:    *Nadine Gazzola, et al. v. Gov. Kathleen Hochul, et al.*
           2d Cir Case No. 22-3068
           N.D.N.Y. Case No. 1:22-cv-1134 (BKS/DJS)

To the Justices of this Panel:

    This letter briefly and expeditiously responds to the State's answer received approximately 2:15 p.m. this afternoon. [96] Please accept this in the form of a letter reply.

    There is a stay of proceedings below in District Court, granted by Judge Sannes. [##]

    The State attempts a procedural argument in order to avoid discussing the dramatic actions of their clients. The form of the "Emergency Motion" is designed to raise an alert to this Court that material facts under consideration in the briefed record have changed because of actions taken and writings published by the defendants. Also, it appears that the FBI is poised to take affirmative action on a statewide basis in reliance upon a letter published by the defendants (this letter being attached as a PDF to the FBI e-mails, submitted at Exhibit E to our motion).

    This is not a new motion. It is not an FRCP 28(j) update on another case. It is notification to this court of actions taken by the defendants to grab power in excess of the laws passed 2022 that are at issue in this case.

        First, the August 17, 2022 Hochul-Nigrelli notification exceeds state law. We submitted our briefing to this court in good faith on the laws as written. Are the state's attorneys trying to suggest that once deemed submitted a defendant is free to go *beyond* the confines of the laws at issue in a given case?

Second, we submitted our briefing to this court concerning a stay of the ammunition background check. Defendant Nigrelli has not even published a certification of the operational status as required by the new laws, but announced a date it would go live. Not having heard anything from this Court since the March 20, 2023 oral arguments, it is a responsibility to alert the Court that what may have appeared an academic analysis (particularly given that this law was actually part of the "SAFE Act" in 2013 and was not acted upon) is now *not* theoretical. The defendants changed the standing of the plaintiffs to bring this argument.

Third, sending investigators from "Terrorism" units of the NYSP to conduct compliance inspections, using laws complained of herein, concurrently with this other statewide disruption of the entire industry? "Joint Terrorism Taskforce." "Counter Terrorism Unit." In theory, dealer inspections could have launched back on December 5, 2022 when the provision went live. That's why we were emergency status since go with this case. This case fully briefed with dealer inspections in the theoretical. It is now *not* theoretical. It is now a question of when the investigation of Messrs. Serafini and Sehlmeyer, who were willing to come forward with affidavits, would be charged with up to thirty-one (31) separate counts of misdemeanor A. This is a significant shift in standing, an argument the state made throughout their submissions prior to March 20, 2023.

The Attorneys for the State do not respond to even a single allegation of fact. They submit no affidavit. They submit no documentation. They make no allegation anything is lacking in our presentation of the abrupt shift in dynamic, which is designed to take advantage of the contemplation of this Court of the significant issues presented.

And, Mr. Kiernan and I spoke for 18 minutes before I filed the Emergency Motion and we specifically covered the question of the "60 day" bit in the statute, which he said could be having some effect upon NYSP thinking. We discussed for several minutes that I was authorized to and would provide a written waiver of any claim related to that odd statutory quirk – a provision which does not carry any legislative penalty for non-launch. We submitted a 6-page list of all of the failures of the defendant agencies to perform their responsibilities under their new laws. Judge Lynch asked at oral arguments if all I wanted was compliance, which pivoted me on my heels into the word "no," and, at least in my interpretation of our time together that morning, it opened the door to a deeper discussion of what is wrong with the entire approach of defendants against federally-licensed dealers in firearms engaged in a lawful stream of commerce as a front line of public safety, concurrent with the exercise of citizens of their fundamental civil rights under the Second Amendment.

What matters is not the NYSP or their superiors snapping fingers to "make something happen" on some arbitrary, defendant self-imposed deadline. What matters is that if we are to be defeated in our months of efforts to get a stay, then it still has to be in conformance with the laws as written so as not to up-end a status quo in place with FBI-NICS more than 25 years and with Gun Control Act of 1968 licensed dealers for more than 50 years. Congress publicly argued The Brady Act for five years prior to passage in 1993, and then it went another five years of testing the NICS system before it went live November 1998. The FBI, the ATF, and FFLs across America and U.S. territories have been working together, as partners for public safety, since. It is the NYSP who has played no role, and who now is recklessly and with sole intention of

creating that first-ever gun owners' registry, inserting themselves where they have no present role.

    I am informed from calling in to our Case Manager to submit this letter reply post haste. This Court is already fully briefed on these three issues and has jurisdiction to rule on them ahead of the defendants' recently announced deadline of September 13. That action by the defendants enhanced the plaintiffs' standing for all three issues. We were waiting patiently. We were respecting the process.

    Thank you for your attention.

Respectfully submitted,
*Paloma A. Capanna*
Paloma A. Capanna


c.: Beezly Kiernan, Esq., NYS Office of the Attorney General (via cm/ecf)